987 So.2d 781 (2008)
Michael SIEBERT, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-120.
District Court of Appeal of Florida, Third District.
July 30, 2008.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Angel L. Fleming, Assistant Attorney General, for appellee.
Before WELLS, ROTHENBERG, and LAGOA, JJ.
WELLS, Judge.
Siebert appeals from his convictions and sentences for battery, armed kidnapping, armed sexual assault and robbery, claiming that the trial court erred in admitting testimony regarding his flight from the police. We affirm, because even if admitting such testimony was error, the overwhelming weight of the remaining evidence, which includes Siebert's confession, recovery of his DNA from the rape victim's clothing,[1] and the rape victim's positive identification of him as the person who kidnapped and raped her,[2] establishes that there is no reasonable possibility that the flight evidence contributed to the conviction and that error, if any, in admitting this testimony was harmless beyond a reasonable doubt. See Conde v. State, 860 So.2d 930, 949 (Fla.2003) (finding that error in admitting evidence of the defendant's flight at time of arrest was harmless beyond a reasonable doubt); Moore v. State, 701 So.2d 545, 550 (Fla.1997) ("Error is harmless where `there is no reasonable possibility that the error contributed *782 to the conviction.' State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).").
Affirmed.
NOTES
[1] Siebert did not ejaculate during intercourse, but afterward on the victim's clothing.
[2] The victim identified Siebert as the individual who, at knife point and in broad daylight, abducted her and her children and who, throughout an afternoon, repeatedly forced her to perform oral sex and have intercourse while in the presence of her children.